UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SAFECO INSURANCE COMPANY OF AMERICA, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:10-CV-1160 CAS |
| LAKE ASPHALT PAVING & CONSTRUCTION, LLC, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendants' motion for reconsideration of the Court's denial of defendants' motion for extension of time in which to answer plaintiff's motion for partial summary judgment on Count IV. Plaintiff opposes the motion. Defendants have not filed a reply, and the time for doing so has passed. For the following reasons, defendants' motion will be denied and defendants will be ordered to respond to plaintiff's motion for partial summary judgment by February 11, 2011.

This case arises out of payment and performance bonds issued by plaintiff Safeco Insurance Company of America ("Safeco"), as surety, and Lake Asphalt Paving & Construction, LLC ("Lake Asphalt"), as principal, with respect to two construction projects. Safeco alleges Lake Asphalt defaulted on both of those projects and acknowledged to Safeco that it was unable to complete its contract work. As one of the conditions of the bond, defendants contractually agreed that upon demand, they would pay or provide acceptable collateral to Safeco in an amount Safeco deemed necessary to protect itself from loss, and in the minimum amount of its reserve. In their motion for

partial summary judgment, Safeco seeks summary judgment on Count IV of its complaint, which states a claim for specific performance of its contractual right to be provided cash or collateral security in the amount of its reserve. Safeco's motion does not seek summary judgment on Counts I through III of its complaint, which state claims for Indemnity, Exoneration, and Quia Timet.

In their motion, defendants request an extension of time "until such time as discovery in this matter has been completed" to respond to plaintiff's motion for partial summary judgment. For support, defendants cite Federal Rule of Civil Procedure 56(d), which states:

> (d) **When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).

The Court initially denied defendants' motion because they did not file any affidavit or declaration as required by Rule 56(d). Nor did defendants state any specific reasons they could not present facts essential to justify their opposition to partial summary judgment. See Doc. 56. In support of their motion for reconsideration, defendants file the affidavit of their attorney, Neil J. Bruntrager. Mr. Bruntrager states that before responding to Safeco's motion for partial summary judgment, defendants need to conduct discovery to determine: (1) whether the failure to perform was due to excessive delays caused or condoned by the Missouri Department of Transportation; (2) whether the amounts claimed as damages are legitimate; and (3) whether the amounts claimed are actual or speculative.

Safeco opposes defendants' request for additional time to respond to summary judgment, stating that the proposed discovery is directed to the amount of damages for which the defendants may be liable to Safeco. Safeco states that this discovery is irrelevant to the issue of whether defendants are contractually obligated to provide Safeco cash or collateral in the amount of its reserve to secure it from loss. Safeco states the only relevant facts to Count IV are: (1) the execution of the Indemnity Agreement; (2) the issuance of bonds by Safeco and receipt of claims on those bonds; (3) demand by Safeco for cash and/or collateral in the amount of its reserve; and (4) the failure of defendants to provide cash or collateral.

Defendants did not file a reply brief in support of their motion, and did not address in their motion how the allegedly pertinent discovery is relevant to Count IV. The Court agrees with Safeco that the discovery defendants claim is necessary to respond to Safeco's motion for partial summary judgment is relevant to Counts I through III of the complaint. The discovery is directed to the liability of defendants and the amount of damages for which defendants might be liable to Safeco. This discovery is irrelevant to Count IV, the count upon which Safeco seeks a partial summary judgment.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion for reconsideration of the Court's denial of defendants' motion for extension of time in which to answer plaintiff's motion for partial summary judgment on Count IV is **DENIED**. [Doc. 57]

**IT IS FURTHER ORDERED** that defendants shall respond to plaintiff's motion for partial summary judgment by February 11, 2011.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 27th day of January, 2011.