UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SAFECO INSURANCE COMPANY )<br>OF AMERICA, )<br>      )<br>    Plaintiff, )<br>      )<br>    v. )<br>      )<br>LAKE ASPHALT PAVING & )<br>CONSTRUCTION, LLC, et al., )<br>      )<br>    Defendants, ) | No. 4:10-CV-1160 CAS |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff Safeco Insurance Company of America's motion for default judgment against defendant Donald G. Mantle. For the following reasons, the motion will be denied without prejudice.

**Background**

On June 29, 2010, plaintiff filed this case against various defendants, including defendant Donald G. Mantle. Personal service was obtained on defendant Mantle on October 10, 2010. Defendant Mantle has not filed an answer or other response to the complaint, and the time for doing so has passed. On January 31, 2011, pursuant to Federal Rule of Civil Procedure 55(a), the Clerk of Court entered an order of default against defendant Mantle.

Plaintiff's motion for default judgment seeks a judgment against defendant Mantle in the amount of $1,554,554.99. The remaining defendants have not objected to the request.

**Discussion**

The general rule regarding entry of judgment of default against one of several defendants who may be found jointly and severally liable on plaintiff's claim is set forth in Frow v. De la Vega, 82 U.S. 522 (1872). In Frow, the Supreme Court held that the entry of judgment against the defaulting party must await adjudication of liability on the merits as to the answering parties. The Eighth Circuit has followed this rule, stating that "[w]hen there are multiple defendants who may be jointly and severally liable for damages alleged by plaintiff, and some but less than all of those defendants default, the better practice is for the district court to stay its determination of damages against the defaulters until plaintiff's claim against the nondefaulters is resolved." Pfanenstiel Architects, Inc. v. Chouteau Petroleum Co., 978 F.2d 430, 433 (8th Cir. 1992). "When multiple defendants are similarly situated, even if the liability asserted against them is not joint, default judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits." 10 James Wm. Moore, et al., Moore's Federal Practice § 55.25 (3d ed. 2007); Frow, 82 U.S. at 552; see also Angelo Iafrate Constr., LLC v. Potashnick Constr., Inc. 370 F.3d 715, 722 (8th Cir. 2004) (applying Frow to defendants similarly situated); United States ex rel. Costner v. United States, 2003 WL 173850 (8th Cir. Jan. 28, 2003). This principle is designed to avoid inconsistent verdicts, as it would be incongruous and unfair to allow a plaintiff to prevail against defaulting defendants on a legal theory that was rejected with regard to answering defendants in the same action. See Nielson v. Chang, 253 F.3d 520, 532 (9th Cir. 2001).

Defendant Mantle is one of twelve defendants in this case. The remaining eleven defendants have answered and are defending this action. Plaintiff's motion seeks to have the Court enter a judgment against defendant Mantle prior to the resolution of the claims against the remaining

2

defendants. The Court finds that if default judgment were entered against defendant Mantle at the present time, there is a possibility of inconsistent verdicts. Consistent with the Eighth Circuit's opinions, the Court finds the better practice is to stay the determination of damages against the defaulted defendant Mantle until plaintiff's claims against the remaining defendants are resolved.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Safeco Insurance Company of America's motion for default judgment against defendant Donald G. Mantle is **DENIED without prejudice**. [Doc. 75]

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 5th day of August, 2011.