**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| SAFECO INSURANCE COMPANY OF AMERICA, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 4:10-CV-1160 CAS ) |
| LAKE ASPHALT PAVING & CONSTRUCTION, LLC, et al., | ) ) ) |
| Defendants/Third-Party Plaintiffs, | ) ) |
| v. | ) ) |
| McANINCH CORPORATION, et al., | ) ) |
| Third-Party Defendants/ Counterclaim Plaintiff, | ) ) ) |
| v. | ) ) |
| LAKE ASPHALT PAVING & CONSTRUCTION, LLC, | ) ) ) |
| Counterclaim Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on third-party defendant McAninch Corporation's ("McAninch") motion for summary judgment against defendants/third-party plaintiffs Lake Asphalt Paving & Construction, LLC; Gaines Construction, Inc.; Gaines Leasing & Investment, LLC; DGN, Inc.; William and Patricia Gaines; Keith and Jeannie Denney; Michael and Sandra Rogers; and Harold E. Neumann ("defendants"). Defendants oppose the motion, and it is fully briefed. For the following reasons, the Court will grant McAninch's motion for summary judgment.

I.     **Background**

This action arises out of a highway construction project initiated by the Missouri Department of Transportation, known as the Route 54 project in Camden County, Missouri. Plaintiff Safeco Insurance Company of America ("Safeco") issued payment and performance bonds, as surety, to defendant Lake Asphalt Paving & Construction, LLC ("Lake Asphalt"), as principal, with respect to the construction project. In connection with the project, defendants entered into a General Agreement of Indemnity for Contractors ("Indemnity Agreement") with Safeco, under which defendants pledged to hold Safeco harmless from claims and other expenses incurred by Safeco in connection with the bonds.

In a letter dated March 4, 2010, the general contractor on the Route 54 project, McAninch, declared Lake Asphalt to be in default and called upon Safeco to honor the obligations of its performance bond. Lake Asphalt acknowledged to Safeco that it was unable to complete the performance of the work or comply with its contractual obligations to McAninch on the project and voluntarily abandoned that project. Pursuant to its performance bond obligations, Safeco contracted with other companies to complete the project.

Safeco sued defendants for indemnity, exoneration, quia timet, and specific performance. In response to this suit, defendants filed a third-party claim against the general contractor, McAninch, alleging breach of contract (Count I) and indemnification and contribution (Count III).[1] In the instant motion, McAninch asks the Court to grant summary judgment on both counts of the third-party complaint.

---

[1]Count II alleged breach of contract against a different general contractor, Progressive Contractors, Inc. On May 26, 2011, plaintiff voluntarily dismissed Progressive Contractors, Inc.

## II. Legal Standard

The standards applicable to summary judgment motions are well settled. Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment if all the information before the court shows "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The initial burden is placed on the moving party. City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc., 838 F.2d 268, 273 (8th Cir. 1988) (the moving party has the burden of clearly establishing the non-existence of any genuine issue of fact that is material to a judgment in its favor). Once this burden is discharged, if the record shows that no genuine dispute exists, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on a material factual issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

Once the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but by affidavit and other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e); Herring v. Canada Life Assur. Co., 207 F.3d 1026, 1029 (8th Cir. 2000); Allen v. Entergy Corp., 181 F.3d 902, 904 (8th Cir.), cert. denied, 528 U.S. 1063, (1999). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). A dispute about a material fact is "genuine" only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Herring, 207 F.3d at 1029 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). A party resisting summary judgment has the burden to designate the specific facts that create a triable question of fact. See Crossley v.

Georgia-Pacific Corp., 355 F.3d 1112, 1114 (8th Cir. 2004). "Self-serving, conclusory statements without support are not sufficient to defeat summary judgment." Armour and Co., Inc. v. Inver Grove Heights, 2 F.3d 276, 279 (8th Cir. 1993).

### III.  Facts[2]

On March 6, 2006, plaintiff Safeco and defendants entered into the Indemnity Agreement. The Indemnity Agreement's purpose was to indemnify Safeco "from all loss and expense in connection with any Bonds" issued on behalf of Lake Asphalt.

The Indemnity Agreement provides Safeco with certain remedies in the event of a "default" by Lake Asphalt. It defines "default" to include any actual breach or abandonment of any contract guaranteed by a Safeco bond. The Indemnity Agreement also grants Safeco "the exclusive right" to determine whether any claims upon any of its bonds shall be "paid, compromised, defended or appealed."

Under the Indemnity Agreement, Lake Asphalt agreed to assign to Safeco "as of the date of execution of any Bond" all rights belonging to Lake Asphalt "in, or in any manner growing out of" any contract for which Safeco issued a bond. The Indemnity Agreement also provides for the concurrent assignment of "[a]ny actions, causes of action, claims or demands whatsoever which Contractor may have or acquire against any party to the Contract, or arising out of or in connection with any Contract."

---

[2]This statement of facts is taken from third-party defendant McAninch's statement of uncontroverted facts in support of its motion for summary judgment. See Doc. 93. In response, defendants did not include a statement of material facts as to which it contends a genuine issue exists as required by Local Rule 4.01(E). Defendants have not controverted McAninch's statement of uncontroverted material facts, and therefore these facts are deemed admitted. See E.D. Mo. L.R. 4.01(E).

Lake Asphalt and McAninch entered into a subcontract on March 25, 2008. Safeco issued a payment and performance bond in connection with Lake Asphalt's work for McAninch on the Route 54 project on June 30, 2008. Defendants have admitted that they executed the Indemnity Agreement and that Safeco issued a bond in connection with Lake Asphalt's contract with McAninch.

On March 8, 2010, Lake Asphalt wrote to McAninch, admitting that it was in "default" of their subcontract for the Route 54 project and notifying McAninch of its intention to abandon the subcontract:

> We regret to advise you that Lake Asphalt Paving & Construction, LLC ("Lake Asphalt") is unable to complete the performance of the work or comply with its contractual obligations on the above Project and is in default under the above Contract for the Project. Therefore, Lake Asphalt hereby irrevocably and voluntarily abandons the above Contract effective upon your receipt of this letter. Lake Asphalt waives any applicable cure period or notice required under the contract documents. Our Surety will be in contact with you to discuss this matter.

On April 19, 2010, Safeco and McAninch entered into a Takeover Agreement, wherein Safeco would "undertake to cause the performance of the Lake Asphalt Subcontract in accordance with the terms, covenants and conditions of the Lake Asphalt Subcontract." The Takeover Agreement acknowledged that Safeco, in executing this agreement, was "acting in its capacity as the surety for Lake Asphalt."

**IV.     Discussion**

   A.     Breach of Contract (Count I)

In Count I of their third-party complaint, Lake Asphalt sues general contractor McAninch for breach of Lake Asphalt's subcontract to install asphalt on the Route 54 project.[3] Lake Asphalt states that McAninch delayed performance of the subcontract, and therefore is in breach of the contract. Among other things, Lake Asphalt alleges McAninch delayed prep work and site work on the Route 54 project, which prevented Lake Asphalt from starting its asphalt work on time. (3rd Party Compl. at ¶¶ 16-17).

McAninch seeks summary judgment on this count, stating defendant Lake Asphalt is not the "real party in interest" under the subcontract and has no rights to assert breach of the subcontract against McAninch.[4] Lake Asphalt does not dispute this. In fact, pursuant to the Indemnity Agreement between defendants and Safeco, Lake Asphalt assigned all of its claims and rights against McAninch to Safeco. See Indemnity Agreement at 2 ("As collateral security to Surety . . . the Undersigned (1) [a]ssigns to Surety . . . and grants a security interest to Surety in all rights of the Contractor in, or in any manner growing out of: (a) [a]ny Contract or modification thereof . . . .").[5]

---

[3]Although it appears that all defendants assert a claim against McAninch for breach of the subcontract, it is uncontroverted that the only parties to the subcontract are defendant Lake Asphalt and third-party defendant McAninch. The Court will construe Count I as being brought only by defendant Lake Asphalt.

[4]McAninch also filed a counterclaim against defendant Lake Asphalt for breach of contract. McAninch's motion for summary judgment did not seek judgment on its counterclaim, and therefore McAninch's counterclaim against defendant Lake Asphalt remains pending.

[5]"Contract" is defined in the Indemnity Agreement as "[a]ny contract between Contractor and a third party, the performance of which is guaranteed by any Bond for which Surety is surety." Indemnity Agreement at 1. The subcontract between McAninch and Lake Asphalt falls within this definition of "Contract."

Courts have found these assignment provisions in indemnity agreements to be unambiguous, clear, and effective. See Hutton Constr. Co., Inc. v. County of Rockland, 52 F.3d 1191, 1192 (2d Cir. 1995); Safeco Ins. Co. v. M.E.S., Inc., 2010 WL 5437208, *12 (E.D.N.Y. Dec. 17, 2010) (finding language identical to that in the Indemnity Agreement at 2, ¶1(d), clear and effective assignment).

Here, under the unambiguous terms of the Indemnity Agreement, Lake Asphalt assigned any breach of contract claim against McAninch to Safeco at the time Safeco issued the bond. See Indemnity Agreement at 2, ¶1(a) and (d). Defendants do not dispute this. Under an assignment agreement, the assignee of the assigned claims becomes the real party in interest. See Lumbermen's Mut. Cas. Co. v. Norris Grain Co., 343 F.2d 670, 688 (8th Cir. 1965); Farmers Ins. Co., Inc. v. Effertz, 795 S.W.2d 424, 426 (Mo. Ct. App. 1990). This assignment divests Lake Asphalt of all rights in any contract claims against McAninch. See Effertz, 795 S.W.2d at 426. Having assigned these contract rights to Safeco, only Safeco can properly pursue a cause of action for breach of the subcontract against McAninch. Because Lake Asphalt is not the real party in interest to the asserted contract claims, the Court finds that summary judgment against Lake Asphalt on its breach of contract claim is appropriate.

    B.    <u>Indemnification and Contribution (Count III)</u>

In Count III, defendants assert a claim for "indemnification and contribution" against McAninch. Defendants state that because of McAninch's alleged delays in prep work, engineering, material handling, and design on the Route 54 project, Lake Asphalt was prohibited from performing under its subcontract with McAninch. Safeco made a claim against defendants in excess of $2,800,000 on the performance bond. Defendants claim they are entitled to recover this money from McAninch.

In its motion for summary judgment on Count III, McAninch argues defendants cannot use principles of tort law—contribution and indemnity—to hold McAninch liable under defendants' indemnity contract with Safeco. To state a claim for contribution, McAninch states defendants would have to allege a "common liability" to Safeco that exists among defendants and McAninch. Also, to state a claim for indemnity, defendants would have to show that they and McAninch shared an "identical duty" to Safeco.

Defendants do not dispute either legal argument asserted by McAninch. Instead, they state that "[w]hen right and justice demand it, the doctrine of unclean hands should be applied." (Defs. Resp. at 5). Because McAninch caused the delays that forced defendant Lake Asphalt to breach the subcontract, defendants want McAninch held liable for Safeco's indemnity claims against defendants. Defendants do not cite any case that would allow the Court to find the McAninch liable under the asserted theories of contribution or indemnity.

To the contrary, the Court finds that defendants cannot maintain their claim for contribution because they fail to allege any "common liability" to Safeco that defendants share with McAninch. Contribution seeks to distribute loss among joint tortfeasors by requiring each to pay its proportionate share. See SSM Health Care St. Louis v. Radiologic Imaging Consultants, LLP, 128 S.W.3d 534, 539 (Mo. Ct. App. 2003) ("The two primary requisites of the right to contribution are that first, the party seeking contribution and the party from whom it is being sought share a common liability or burden, and second, that the party seeking contribution has discharged more than his fair share of that common liability or burden."). Because defendants and McAninch are not joint tortfeasors in the indemnity action brought by Safeco, defendants claim for contribution fails for an essential element. See State ex rel. Baldwin v. Gaertner, 613 S.W.2d 638, 640 (Mo. 1981) ("Where there is no common

In its motion for summary judgment on Count III, McAninch argues defendants cannot use principles of tort law—contribution and indemnity—to hold McAninch liable under defendants' indemnity contract with Safeco. To state a claim for contribution, McAninch states defendants would have to allege a "common liability" to Safeco that exists among defendants and McAninch. Also, to state a claim for indemnity, defendants would have to show that they and McAninch shared an "identical duty" to Safeco.

Defendants do not dispute either legal argument asserted by McAninch. Instead, they state that "[w]hen right and justice demand it, the doctrine of unclean hands should be applied." (Defs. Resp. at 5). Because McAninch caused the delays that forced defendant Lake Asphalt to breach the subcontract, defendants want McAninch held liable for Safeco's indemnity claims against defendants. Defendants do not cite any case that would allow the Court to find the McAninch liable under the asserted theories of contribution or indemnity.

To the contrary, the Court finds that defendants cannot maintain their claim for contribution because they fail to allege any "common liability" to Safeco that defendants share with McAninch. Contribution seeks to distribute loss among joint tortfeasors by requiring each to pay its proportionate share. See SSM Health Care St. Louis v. Radiologic Imaging Consultants, LLP, 128 S.W.3d 534, 539 (Mo. Ct. App. 2003) ("The two primary requisites of the right to contribution are that first, the party seeking contribution and the party from whom it is being sought share a common liability or burden, and second, that the party seeking contribution has discharged more than his fair share of that common liability or burden."). Because defendants and McAninch are not joint tortfeasors in the indemnity action brought by Safeco, defendants claim for contribution fails for an essential element. See State ex rel. Baldwin v. Gaertner, 613 S.W.2d 638, 640 (Mo. 1981) ("Where there is no common

liability . . . no contribution can be obtained.") (quoting Martinez v. Lankster, 595 S.W.2d 316, 318 (Mo. Ct. App. 1980)).

Nor do defendants allege any "shared obligation" to Safeco between themselves and McAninch which would allow them to state a claim for indemnity. See Denny's Inc. v. Avesta Enters. Ltd., 884 S.W.2d 281, 291 (Mo. Ct. App. 1994) ("The doctrine of implied indemnity, however, applies only where an identical duty owed by one is discharged by the other. In other words, the doctrine is inapplicable unless the indemnitee and indemnitor have co-extensive, identical duties.") (internal citation omitted). If the Court were to find defendants liable to Safeco, this would not discharge McAninch's liability to Safeco because no such liability exists. Defendants and McAninch do not have any co-extensive, identical duties to Safeco. Because there is no shared obligation, defendants have no basis for recovering against McAninch under the theory of indemnification.

## V. Conclusion

The Court determines, based on uncontroverted facts, that third-party defendant McAninch Corporation is entitled to summary judgment on Counts I and III of defendants' third-party complaint. The Court will enter summary judgment in favor of McAninch Corporation on Counts I and III.

Accordingly,

**IT IS HEREBY ORDERED** that third-party defendant McAninch Corporation's motion for summary judgment is **GRANTED**. [Doc. 91]

An appropriate partial judgment will accompany this memorandum and order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 25th day of January, 2012.